IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Clemons | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 13-cv-_____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(jury demand)* |
| and Cook County, Illinois, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2.     Plaintiff Thomas Clemons is a disabled resident of the Northern District of Illinois who is a double amputee and is wheelchair bound. Plaintiff is not currently confined in a jail or prison.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his individual and official capacity.

4.     Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003) and may be liable for the wrongdoing alleged in this complaint.

5.     Plaintiff Clemons was admitted to the Cook County Jail on September 23, 2012.

6.     In the course of processing plaintiff into the Jail, medical personnel employed by defendant Cook County determined that plaintiff was disabled and required assignment to an "ADA compliant" housing unit at Cermak Health Services.

7.      In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County,* 07-cv-3889:

    a.  that Cermak Health Services has two "ADA compliant" housing units for wheelchair bound male detainees and that each of these housing units could provide ADA compliant facilities for four wheelchair bound persons, and

    b.  that the correctional officer in charge of determining housing assignments for wheelchair bound detainees did not consider whether a particular housing assignment provided a reasonable accommodation for the detainee's disability.

8.     In the fall of 2012, when plaintiff entered the Cook County Jail, it was obvious to defendant Dart that a disabled person, like plaintiff, who entered the Jail and was not assigned to an "ADA compliant" housing unit would be deprived of rights secured by the ADA and the Rehabilitation Act and would be deprived of

rights secured by the Fourteenth Amendment to the Constitution of the United States.

9.    Plaintiff was not assigned to an "ADA compliant" housing unit when he entered the Jail. Instead, plaintiff was assigned to a housing unit which did not have "ADA compliant" toilet and shower facilities, or an "ADA compliant" sink.

10.    Following his assignment to this non-ADA compliant housing unit, plaintiff complained to correctional staff and filed numerous grievances about his need to be assigned to an "ADA compliant" housing unit.

11.    Notwithstanding his complaints and grievances, plaintiff remained at the Cook County Jail in a non-ADA compliant housing unit until he was released.

12.    As a result of the foregoing, plaintiff was deprived of rights secured by the ADA, the Rehabilitation Act, and the Fourteenth Amendment to the Constitution of the United States.

13.    Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that the Court award compensatory damages in an amount in excess of one hundred thousand dollars and punitive damages against defendant Dart in an amount in excess of twenty-five thousand dollars; and that the costs of this action, including fees and costs, be taxed against the Defendants.

/s/  Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730

Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900

Kenneth N. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for Plaintiff*