IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Clemons | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -*vs*- | ) | No. 13-cv-2356 |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | *(Judge Tharp)* |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| *Defendants*. | ) | |

## AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Thomas Clemons is a disabled resident of the Northern District of Illinois. Plaintiff is a double amputee and is wheelchair bound.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity on each claim, Plaintiff does not

seek to impose individual liability on Dart on his ADA or Rehabilitation Act Claims. Plaintiff sues Dart in his individual capacity on his claim arising under 42 U.S.C. §1983.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir, 2003) and may be liable for the wrongdoing alleged in this complaint.

5. Plaintiff Clemons was admitted to the Cook County Jail on September 23, 2012.

6. In the course of processing plaintiff into the Jail, medical personnel employed by defendant Cook County determined that plaintiff had an objectively serious medical need, was disabled, and required assignment to an "ADA compliant" housing unit.

7. In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889,

    a. that Cermak Health Services has two "ADA compliant" housing units for wheelchair bound male detainees and that each of these housing units could provide ADA compliant facilities for four wheelchair bound persons, and

    b. that the correctional officer in charge of determining housing assignments for wheelchair bound detainees did not consider

whether a particular housing assignment provided a reasonable accommodation for the detainee's disability.

8. In the fall of 2012, when plaintiff entered the Cook County Jail, it was obvious to defendant Dart that a disabled person, like plaintiff, who entered the Jail and was not assigned to an "ADA compliant" housing unit would be deprived of rights secured by the ADA and the Rehabilitation Act and would also be deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States.

9. Plaintiff was not assigned to an "ADA compliant" housing unit when he entered the Jail. Instead, plaintiff was assigned to a housing unit which did not have "ADA compliant" toilet and shower facilities, or an "ADA compliant" sink.

10. Following his assignment to this non-ADA compliant housing unit, plaintiff complained to correctional staff and filed numerous grievances about his need to be assigned to an "ADA compliant" housing unit.

11. Notwithstanding his complaints and grievances, plaintiff remained at the Cook County Jail in a non-ADA compliant housing unit until he was released.

12. Plaintiff incurred personal injuries because he was held in a non-ADA compliant housing unit.

13. Defendant Dart is intimately involved in the running of the Jail.

   a. Shortly after taking office, Dart established his main office at the Cook County Jail, publicly declaring, "The jail is 90 percent of the job." Dart explained "The day in and day out things that impact our office that require decisions, and quick ones, are from out there."

   b. Upon becoming Sheriff, Dart promptly instituted a variety of changes at the jail, installing new technologies, including introducing body scanning machines to prevent contraband from entering the jail, while also raising standards for employment.

   c. Dart applies a "hands on" style of management, and holds weekly "accountability meetings," during which all high ranking Jail staffers provide him with detailed reports on activities in their respective divisions of the Jail.

d. Upon becoming Sheriff, Dart formed a "Weapons Free Committee" to collect, inventory, and analyze all inmate-made shanks and weapons.

e. Dart also established a committee of former U.S. Attorneys and other legal and law enforcement experts to evaluate the Sheriff's internal affairs operations.

f. In addition to this involvement in the everyday running of the jail, Dart selected and hired a consultant to train correctional officers on how to better recognize and supervise inmates with mental health issues.

g. Dart also changed Jail policy to permit contact visits between female detainees and their children.

h. Dart became personally involved in the operation of the 13,000 square foot garden located on the grounds of the Cook County Jail that is used to train detainees in urban farming.

14. Plaintiff seeks to impose liability on Dart in his individual capacity on plaintiff's claim under 42 U.S.C. §1983 because Dart was personally involved in the formulation and implementation of policies at the

jail, and failed to correct a deliberately indifferent policy of assigning disabled detainees to non-ADA compliant housing units.

15. As set out above, Dart's deliberate indifference to plaintiff's constitutional rights caused plaintiff to incur personal injuries.

16. As a result of the foregoing, plaintiff was deprived of rights secured by the ADA, the Rehabilitation Act, and the Fourteenth Amendment to the Constitution of the United States.

17. Plaintiffs hereby demands trial by jury.

WHEREFORE, plaintiff requests that the Court award compensatory damages in an amount in excess of one hundred thousand dollars and punitive damages against defendant Dart on plaintiff's claim under 42 U.S.C. §1983 in an amount in excess of twenty-five thousand dollars; and that the costs of this action, including fees and costs, be taxed against the Defendants.

/s/ Kenneth N. Flaxman
 ARDC No. 0830399
 Kenneth N. Flaxman
 200 South Michigan Ave Ste 201
 Chicago, Illinois 60604
 (312) 427-3200

 Patrick W. Morrissey
 Thomas G. Morrissey
 10249 S. Western Ave.
 Chicago, Illinois 60643
 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Helen Catherine Gibbons, ASA, 50 W Washington Street, Ste 500, Chicago, IL 60602 and Thomas E. Cargie, ASA, 77 W Washington, Chicago, IL 60602, I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*an attorney for plaintiff*