# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 02356 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| THOMAS DART, Sheriff of Cook County, | ) | |
| and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Defendant Dart's motion for judgment on the pleadings with respect to the plaintiff's individual capacity claim [35] is granted.

## STATEMENT

Plaintiff, a wheel-chair bound double amputee, was admitted to the Cook County Jail on September 23, 2012. Although the Jail has an ADA-compliant housing unit located at Cermak Health Services, Plaintiff was not assigned to that unit. Instead, he was assigned to a housing unit at the Jail that is without an ADA-compliant toilet, shower, or sink until his release. Plaintiff alleges that he suffered various injuries as the result of having to use these non-compliant fixtures.

Plaintiff alleges that Sheriff Dart is personally liable for his injuries under 42 U.S.C. § 1983 because Dart was personally involved in the formulation and implementation of policies at the Jail and failed to correct the Jail's policy of deliberate indifference to the needs of disabled detainees. More specifically, the complaint sets out a variety of policies and programs that Dart has implemented at the Jail. None of these policies, however, relates to housing assignments for disabled detainees.

The plaintiff's individual capacity claim against Sheriff Dart suffers from two deficiencies.

First, it represents an attempt to secure relief via § 1983 for an individual's alleged violations of the ADA.[1] But as the plaintiff concedes, there is no individual liability under the ADA; "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000).

The plaintiff maintains that his claim against Sheriff Dart in his individual capacity is permissible because he is proceeding under § 1983 rather than the ADA, but the Court agrees with the other courts from this district and the several courts of appeals in other circuits that have considered the question (the Seventh Circuit has not) that the scope of ADA liability cannot be expanded beyond the boundaries Congress defined by re-clothing an ADA claim in the garb of a claim under § 1983. *See, e.g.*, *Mulligan v. Village of Riverside*, No. 11 C 8200, 2013 WL 2422639, *9 (N.D. Ill. June 3, 2013); *Jones v. Reg'l Transp. Auth.*, No. 11 C 4924, 2012 WL 2905797, *6 (N.D. Ill. July 16, 2012); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999). *See also Hopkins v. Springfield Housing Auth.*, No. 11 C 3347 (C.D. Ill. Jan. 31, 2012) (Dkt. 29), *aff'd on other grounds,* 485 F. App'x 137, 139 (7th Cir. 2012).[2] As Judge Chang explained in *Jones*:

> Section 1983 does not itself grant individuals constitutional or statutory rights, but instead provides a procedural vehicle for bringing suit to remedy violations of a right independently premised on the Constitution or on federal law. Congress can choose to foreclose reliance on § 1983 for remedying statutory violations, and congressional intent may be demonstrated by the existence of a comprehensive remedial scheme provided by the statute that is the source of the substantive right.

2012 WL 2905797, at *6 (citations omitted); *see, e.g.*, *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2070–71 (2012) (when Congress has enacted a "comprehensive scheme and has deliberately targeted specific problems with specific solutions," that scheme trumps more general language that arguably covers the same problems). The ADA provides just such a comprehensive remedial scheme, and while the Seventh Circuit has not yet addressed precisely this question, it has adopted this reasoning in the context of attempts to extend the boundaries of Title VII—which, like the ADA, bars suits against individuals—by

---

[1] Although the complaint includes references to the Fourteenth Amendment, it alleges no violation of any constitutional right; the Fourteenth Amendment does not impose any requirement that states make special accommodations for the disabled. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).

[2] In *Hopkins*, the Seventh Circuit recounted and did not question the district court's conclusion that the ADA's comprehensive remedial scheme required dismissal of the plaintiff's claims under § 1983 that were predicated on violations of the ADA. The appeal did not challenge the district court's ruling on that basis, however, so the Court had no occasion to address the question itself.

asserting claims under § 1983 that are premised on violations of the statute as opposed to violations of equal protection or other constitutional rights. *See Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985) (noting that Title VII may not be bypassed by pleading a violation of the statute and bringing suit under § 1983 and holding that a claim based on Title VI statutory violations similarly cannot be brought under § 1983).

Tellingly, although Sheriff Dart advanced this argument in his opening brief, the plaintiff did not respond to it at all. The Court therefore concludes that the plaintiff's claim against Sheriff Dart in his individual capacity must be dismissed.

Even if a claim against an individual under § 1983 could be predicated on violations of the ADA, the claim in this complaint would still fail because he has failed to allege that Sheriff Dart was personally involved in denying him access to ADA compliant facilities. The plaintiff alleges that Sheriff Dart knew that Cermak Health Services has two ADA compliant housing units for wheelchair bound male detainees, sufficient to house eight people. He also alleges that Dart learned sometime in 2011, based on a case that was filed in 2007—*Phipps v. Sheriff of Cook County*, No. 07 C 3889—that the correctional officer in charge of determining housing assignments for disabled detainees did not consider whether housing units provided reasonable accommodation of physical disabilities when making those assignments. Based on these meager facts, the plaintiff argues that it is "obvious to defendant Dart that a disabled person . . . who entered the Jail and was not assigned to an 'ADA compliant' housing unit would be deprived of rights secured by the ADA . . . and . . . the Fourteenth Amendment." Pl.'s Brief at 8, Dkt. 42.

But even if obvious that failure to assign "a disabled person" to a housing unit with accessible bathroom fixtures would be a violation of the ADA (and the Court is not addressing that question in this opinion), that fact says nothing about whether Sheriff Dart personally played a role in the plaintiff's assignment to non-compliant housing. Dart's liability in his individual capacity turns not on whether he knew that detainees have rights under the ADA but on whether he was causing the violation of such rights. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (an individual—supervisor or not—"cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation"); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) (to hold supervisors liable for the conduct of a subordinate, a plaintiff must show that the "official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act"). And the failure to prevent all constitutional violations by subordinates does not itself establish that a supervisor caused such violations. Individual liability under Section 1983 is based upon personal responsibility; the doctrine of *respondeat superior* has no bearing. *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) ("[T]he term 'supervisory liability' is a misnomer" in a § 1983 claim.). "[S]upervisory personnel are accountable for what they do, but they are not vicariously liable for what their subordinates do. . . . *The supervisor can be liable only if he wants the unconstitutional or illegal conduct to occur.*" *Vance v. Rumsfeld,* 701 F.3d 193, 203 (7th Cir. 2012) (*en banc*) (emphasis added).

The plaintiff's allegations fall short of plausibly establishing that Sheriff Dart did anything to bring about his assignment to non-compliant housing. To begin, he does not allege that Sheriff Dart personally played any role in the assignment of his housing unit or even that he

knew anything about it. Instead, he maintains that (1) Dart is a hands-on manager who is very involved in the implementation of a number of specific policies, and (2) Dart knew that, at some point in the past, disabled detainees were not being assigned to compliant housing. But the fact that Dart personally implemented some policies does not, of course, suggest that he was intimately involved in all of them. Indeed, the actions the plaintiff ascribes to Dart with respect to other policies do nothing to bolster the plausibility of his claim that Dart turned a blind eye toward issues relating to the accommodation of disabled detainees; to the contrary, as described in the complaint, the policies and programs Dart implemented were all geared toward improving conditions of confinement, ensuring accountability of staff members, and making the operations of the Jail more professional. Apparently, the plaintiff believes that Dart is such an effective Jailer that it is not plausible that he was unaware of the plaintiff's assignment to non-compliant housing. That is a very curious argument on which to pin a case for liability under § 1983.

The *Phipps* case is similarly unhelpful to the plaintiff's cause. That Dart was aware that at some point in the past detainees were not assigned to compliant housing units does nothing to make plausible the allegation that he knew, in September 2012, when the plaintiff entered the Jail, that the plaintiff was not assigned to an ADA compliant housing unit. Indeed, although not alleged in this complaint, or explained in the briefs, it appears that handicap accessible units were installed in another division of the Jail during the course of the *Phipps* litigation in response to the allegations raised in that case. *See Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *3–4 (N.D. Ill. Dec. 23, 2013). Creating ADA compliant housing units to solve a problem and comply with the law is the antithesis of deliberate indifference. The plaintiff fails to explain either why Dart must have known that the problem continued after he took these actions to resolve it, or why it is reasonable to infer that Dart turned a blind eye to the plaintiff's problem based on his actions to *create* ADA compliant housing.

For these reasons, the Court respectfully disagrees with the conclusions of several other judges in this district who have concluded that allegations of this ilk suffice to state a plausible claim of individual liability against Sheriff Dart. Deliberate indifference to a known risk—a form of intentional conduct—suffices for personal liability under § 1983, but as the Seventh Circuit has also explained, "knowledge and acquiescence" is not a sufficient basis on which to impose personal liability under § 1983. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Rather, it must be shown "that the public official knew of risks with sufficient specificity to allow an inference that inaction is *designed* to produce or allow harm." *Rumsfeld*, 701 F.3d at 204 (emphasis added); *T.E. v. Grindle*, 599 F.3d 583, 588 ("deliberate indifference" standard requires showing "that the supervisor possessed the requisite discriminatory intent"). So, too, with a claim that the senior official at the Jail is personally liable for failing to assign a detainee to an ADA-compliant unit, but the allegations of this complaint permit no inference that Sheriff Dart acted, or declined to act, so that the plaintiff would be assigned to non-compliant housing. This does not mean that the plaintiff must show that Dart personally assigned him to a non-compliant unit; it simply means that he must show that Dart acted (or failed to act), intentionally or recklessly, to bring about the alleged violation. More is required than a showing that Dart failed to prevent that violation; a "public official's inability to ensure that all subordinate[s] . . . follow the law has never justified personal liability," *Rumsfeld,* 701 F.3d at 203, but that is the most that the allegations of the

complaint plausibly establish. The complaint against Sheriff Dart in his individual capacity must therefore be dismissed on this basis as well.

_John J. Tharp Jr._

Date: May 19, 2014

John J. Tharp, Jr.
United States District Judge